United States District Court
Southern District of Texas
**ENTERED**
May 22, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YOLANDA CARVAJAL, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-347 |
| MEDTRONICS, INC. and COVIDIEN, LP., | § | |
| Defendants. | § | |

## ORDER

Before the Court is Defendants' Motion to Dismiss the First Amended Complaint (Doc. No. 24). Plaintiff has not responded, although the time for doing so has passed. Local Rules 7.3 and 7.4 of the Southern District of Texas state that a response to a motion will be submitted to the judge within twenty-one (21) days after filing and that the failure to respond will be taken "as a representation of no opposition." Rule 7.4(a) plainly states that such responses must be filed by the submission date, which in this case passed long ago.

Therefore, the local rules would allow the Court to grant Defendants' motion as it should be considered unopposed. Despite these rules, the Fifth Circuit has explained that "although we have endorsed the adoption of local rules that require parties to file responses to opposed motions, we have not approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation." *See Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (first citing *Johnson v. Louisiana*, 757 F.2d 698, 707-09 (5th Cir. 1985); and then citing *Ramsey v. Signal Delivery Serv.*, 631 F.2d 1210, 1213-14 (5th Cir. 1980)). That being the case, the Court proceeds to address the merits of Defendants' motion.

1

The Court grants in part and denies in part the motion. The Defendants' argument that the Amended Complaint is both vague and conclusory is correct. The Defendants correctly point out that, while pleading that their products are defectively manufactured and designed, the Amended Complaint is silent as to what was defectively made or how it was defectively designed. Moreover, under Texas law, to prove a defective design one must plead and then prove all the requirements of TEX. CIV. PRAC. & REM. CODE § 82.005. Even if one considers all her conclusory allegations, Plaintiff's pleadings fall woefully short.

Plaintiff's defective warning pleadings are also insufficient. She alleges that Defendants failed to "inform potential patients and their physicians of these known defects and risks at the time of the sale of the devices." (Doc. No. 23 at ¶5.28). While the preceding paragraphs detail several recalls and purported problems in general, the pleadings do not hint as to which alleged problems were not warned of or how these alleged failures caused harm to Plaintiff. Plaintiff's negligence allegations are likewise deficient. They neither set out the standard of care, nor do they suggest (other than in broad generalizations) how any of Defendants' acts or omissions failed to meet this standard.

At a minimum, to be sufficient, a sound complaint should specify the name of the alleged defective product, the alleged manufacturing defect, the alleged design defect (and the other elements required by TEX. CIV. PRAC. & REM. CODE § 82.005), the alleged warning omission (or insufficiency), and how these alleged defects caused the alleged injuries in question. The allegations of negligence should contain the standard of care, each and every way Plaintiff alleges that Defendants' acts or omissions fell below that standard, and how that conduct proximately caused the injuries.

While this Court finds these pleadings to be below the necessary level of specificity, it does not see the need for a dismissal at this juncture. Plaintiff filed an Original Complaint (Doc. No. 1) and Defendants complained of its lack of detail. (Doc. No. 15). In response, Plaintiff filed the Amended Complaint (Doc. No. 23) under consideration here. This Complaint contains a great amount of detail which clearly supports and explains the Plaintiff's claims. Plaintiff has endeavored to cure any deficiency and has certainly shown good faith in pursuing her claims. That being the case, the Court finds no need to dismiss this matter. The Court gives Plaintiff until August 7, 2020 to cure these pleadings by filing a Second Amended Complaint. Any cause of action not specifically pleaded by that deadline will be dismissed with prejudice. Once a new complaint is filed, Defendants, if they so choose, have leave to file an appropriate response by August 21, 2020.

SIGNED at Houston, Texas this 22nd day of May, 2020.

Andrew S. Hanen
United States District Judge